UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 1 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § §<br>§ | |
| vs. | § §<br>§ | CRIMINAL NO. |
| JARED SAMUEL SOUTHERN | § | **15 CR 181** |

**CRIMINAL INDICTMENT**

THE GRAND JURY CHARGES THAT:

**INTRODUCTION**

At all times material to this Indictment:

1.      The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as

"any person under the age of eighteen years."

2.      The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title

18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or
> computer-generated image or picture, whether made or produced by electronic, mechanical,
> or other means, of sexually explicit conduct, where -
>
> (A)      the production of such visual depiction involves the use of a minor engaged in
>          sexually explicit conduct";

3.      The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code,

Section 2256(2), as any:

1

"actual or simulated -

(i)    sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]

(ii)   bestiality; [or]

(iii)  masturbation; [or]

(iv)   sadistic or masochistic abuse; or

(v)    [the] lascivious exhibition of the genitals or pubic area of any person."

4.    The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

"electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.    The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

"producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.    The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

"undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Receipt Of Child Pornography)

On or about December 20, 2013 through March 11, 2014, within Southern District of Texas,

**JARED SAMUEL SOUTHERN**

defendant herein, did knowingly receive material that contains child pornography using any means and facility of interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section**

**2252A(b)(1).**

## COUNT TWO
### (Possession Of Child Pornography)

On or about March 12, 2014, within the Southern District of Texas,

**JARED SAMUEL SOUTHERN,**

defendant herein, did knowingly possess material that contained multiple images and videos of child

pornography, which had been shipped and transported using any means and facility of interstate and

foreign commerce, or which were produced using materials which have been mailed, shipped, and

transported in and affecting interstate and foreign commerce, by any means, including by computer;

more specifically, the defendant possessed a Western Digital 2TB hard drive, a Western Digital

Blue Label 640GB hard drive, one Black IBM Clone desktop computer, a Western Digital 1TB

hard drive, an Hitachi 1TB hard drive, printed images, and floppy disks which contained video and

still images of child pornography.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and**

**2252A(b)(2).**

## NOTICE OF FORFEITURE
### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States

gives the defendant notice that in the event of conviction for the offenses charged in Counts One

through Four of the Indictment, the United States will seek to forfeit all property, real and personal,

constituting or traceable to gross profits or other proceeds obtained from the offenses charged in

Counts One through Four; and all property, real and personal, used or intended to be used to commit

3

or to promote the commission of the offenses charged in Counts One and Two, or any property

traceable to such property, including, but not limited to, the following:

a Western Digital 2TB hard drive,

a Western Digital Blue Label 640GB hard drive,

one Black IBM Clone desktop computer,

a Western Digital 1TB hard drive,

an Hitachi 1TB hard drive,

printed images of child pornography,

and floppy disks containing child pornography.

A True Bill:

Original Signature on File

Grand Jury Foreperson

KENNETH MAGIDSON
United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney
713-567-9374

4